### CARTLAND *versus* MORRISON.

The title to goods will pass by a sale without delivery from the true owner, though, at the time of the sale, they are in the tortious possession of a third person, claiming them.

The purchaser in such a case may, after demand, maintain trover for them, against such third person.

EXCEPTIONS from the District Court, HATHAWAY, J. presiding.

Trover for a yoke of oxen. They were formerly the property of defendant. He was keeping them in the pasture of one Fuller. He proposed to sell them to Garland, at a fixed price, to be paid in hauling. Garland consented to buy, if he could get Calef to receive them of him upon a debt. Defendant gave Garland a writing, addressed to Fuller, to deliver the cattle. The writing was left with Fuller, who consented to the taking. Garland and Calef at first could not agree on the price, and went away from Fuller's, giving him to understand there was no trade. But afterwards, on the same day, they agreed ; and next morning Garland took them from Fuller's pasture, and delivered them to Calef. This was not known to Fuller till several days afterwards. The plaintiff bought them of Calef, and sold them to Clark for a colt and a note.

The defendant, fancying that the transaction between himself and Garland did not amount to a sale, and that the oxen were still his property, replevied them from Clark, and kept the possession of them.

Clark was alarmed, and induced the plaintiff to rescind the sale, and plaintiff gave back the note and colt to Clark. Afterwards, Clark, to settle the replevin suit, transferred all his right in the oxen to the defendant.

Cartland *v.* Morrison.

The plaintiff then demanded the oxen of defendant, without success, and afterwards brought this action of trover.

The question to the jury was one of ownership. Several witnesses were examined on each side. Defendant requested the Judge to direct a nonsuit. This was refused. Defendant then requested instruction, that, when Garland and Calef had presented the order, and examined the · cattle, and gone away without taking them, or deciding to take them, the agreement, between defendant and Garland to sell, was at an end; so that the property did not pass to Garland. That instruction was not given. The instruction given was that, if the jury found the plaintiff, when he sold to Clark, to be the lawful owner, and that the possession which defendant then had was wrongful, it was competent for the plaintiff and Clark to rescind their trade, and that on doing so, the ownership re-vested in the plaintiff, without a formal delivery.

The verdict was for plaintiff, and defendant excepted.

*Sanborn*, for plaintiff.

*Morrison* and *C. S. Crosby*, for defendant.

WELLS, J., orally. — The claim to a nonsuit is not insisted upon. In withholding the other instruction requested, there was nothing wrongful. Defendant has argued, that as both parties claim under Clark, the vendee who first obtained the possession is entitled. But there was no ruling, or request for ruling, on that point. It is not for decision here. The ruling was, that if defendant's possession was wrongful, the re-sale from Clark to the plaintiff was valid without a formal delivery. That ruling is in accordance with the rules of law.

*Exceptions overruled.*